■ In the Matter of the Claim of GEORGE A. CONNORS, Respondent, v. MESA PLASTICS CO., Appellant, and MARYLAND CASUALTY COMPANY, Respond-

ent. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer from a decision of the Workmen's Compensation Board awarding claimant double compensation pursuant to section 14-a of the Workmen's Compensation Law. On February 20, 1962 as claimant, then under the age of 18, endeavored to extricate himself from a mixing machine he was in the process of cleaning, the machine was set in motion and claimant's legs became enmeshed in the blades of the mixer as a result of which he suffered serious injuries. The board has found that the employer violated rule 19 of the Industrial Code (see specifically § 19.13, subd. [b]; 12 NYCRR 19.13 [b]) thus invoking the provisions of section 14-a. Section 19.13 (subd. [a], par. [1]) (12 NYCRR 19.13 [a] [1]) provides that a horizontal tilting type dough mixer must be equipped with "An interlocking device * * * so arranged that power cannot be applied to the agitators unless the mixer is in an operating position, with cover in place." Concededly the instant machine (which although utilized here to shred plastic the board could properly find was, in fact, a horizontal tilting type dough mixer) had no such device and did not even have a cover. Appellant urges, however, that this rule does not apply to its machine since section 19.13 specifically refers to machines used in the food and tobacco industries and nowhere mentions the plastic industry. But such an argument overlooks section 19.6 (subd. [b], par. [3]) (12 NYCRR 19.6 [b] [3]) which provides that "All machines * * * used in any industry not specified * * * of a similar character to machines included in industries covered" are subject to the same rules as to the "guarding of machinery at point of operation" unless specifically exempted in the Industrial Code from such rules. No such exemption is shown to be present here, and thus the decision of the board must be affirmed on this ground alone. Accordingly, we need not pass on the other findings by the board and the referee. Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.